**Andres ORTEGA–FLORES, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–73228.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed July 27, 2015.

Andres Ortega–Flores, Los Angeles, CA, pro se.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Oil, Colin J. Tucker, Trial, Lisa Damiano, Trial, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

## MEMORANDUM **

Andres Ortega–Flores, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider and reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Ortega–Flores' motion to reconsider because we cannot review the BIA's discretionary hardship determination. *See Vilchiz–Soto v. Holder*, 688 F.3d 642, 644 (9th Cir.2012) (order) ("[T]he BIA's denial of the motion to reconsider falls outside the court's jurisdiction because the court cannot reconsider the discretionary, fact-based determination that petitioners failed to demonstrate the requisite hardship."). Although the court retains jurisdiction over colorable questions of law and constitutional claims, Ortega–Flores' contention that the BIA did not consider all of the hardship factors is not supported by the record and his equal protection claim is foreclosed by our case law. *See Martinez–Rosas· v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("To be colorable ... the claim must have some possible validity." (internal quotations omitted)); *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) (rejecting equal protection claim regarding the Nicaraguan Adjustment and Central American Relief Act).

The BIA did not abuse its discretion in denying Ortega–Flores' motion to reopen where the evidence he submitted was available and could have been presented at the time of his previous hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.2010).

To the extent Ortega–Flores seeks review of the BIA's May 28, 2013, order dismissing his appeal, we lack jurisdiction because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.